**Kenneth P. Dobson, OSB No. 002435**
landlaw.oregon@gmail.com
Attorney at Law
0324 Abernethy Street
Portland, OR 97239
(503) 684-8198
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| SHERRI STUART, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>CAPITAL ONE BANK, )<br>)<br>    Defendant. ) | No.<br><br>Complaint |

## COMPLAINT

NOW COMES Plaintiff, SHERRI STUART ("Plaintiff"), by and through her attorneys, and for her Complaint against Defendant, CAPITAL ONE BANK ("Defendant"), Plaintiff hereby allege as follows:

Nature of the Action

1.  This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

Parties

2.  Plaintiff is a natural person at all times relevant residing in Keizer, Oregon

3.  Defendant is a business entity incorporated in Virginia with headquarters in Richmond Virginia.

4.  Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

5. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

## Factual Allegations

7. Defendant places telephone calls to telephone number ▮▮▮▮▮▮▮▮.

8. Telephone number (▮▮▮▮▮▮▮▮ is assigned to Plaintiff's cellular telephone.

9. These calls are not for emergency purposes.

10. These calls are made in connection with an attempt to collect an alleged debt.

11. Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant used an automatic telephone dialing system, or other equipment capable of storing and/or producing telephone numbers, to place these calls.

12. On or around September 8, 2016, Plaintiff spoke with Defendant and instructed Defendant to stop calling her cell phone.

13. Plaintiff revoked consent for Defendant to use an automatic telephone dialing system to call her cell phone.

14. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone after the first conversation on September 8, 2016.

15. Defendant called Plaintiff's cell phone multiple times in a single day.

16. Since the first conversation September 8, 2016 Defendant used an automatic telephone dialing system to call Plaintiff's cell phone at least eighty-eight (88) times.

17. Defendant placed these calls voluntarily.

18. Defendant placed these calls under its own free will.

19. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

20. Defendant willfully used an automatic telephone dialing system to place these calls.

21. Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

22. Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

23. Plaintiff is annoyed and feels harassed by Defendant's calls.

## CLAIM FOR RELIEF
### Telephone Consumer Protection Act

24. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

(2) Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

(3) All court costs, witness fees and other fees incurred; and

(4) Awarding such other and further relief as may be just, proper and equitable.

                                                Respectfully submitted,

Dated: January 16, 2017                  /s/ Kenneth P. Dobson
                                                Kenneth P. Dobson
                                                Attorney at Law
                                                0324 S.W. Abernethy Street
                                                Portland, Oregon 97239
                                                Tel: (971) 717-6582
                                                landlaw.oregon@gmail.com
                                                Attorney for Plaintiff